## ACTION BY A PARTNERSHIP FOR A TORT.

Circuit Court of Hamilton County.

THE CINCINNATI TRACTION CO. v. WILLIAM HULVERSHORN, DOING BUSINESS AS THE INGELS FORWARDING & TRANSFER CO.

Decided, November 6, 1909.

*Negligence—Evidence of—Not All Acts Alleged Must be Proved— Partnership—Action by—Requirement as to the Filing a Certificate with County Clerk—Section 3170-6.*

1. Evidence that a motorman saw that the space between the track and curb of the street was so narrow that the wagon in front of him could not get out of his way is sufficient to sustain a verdict for damages resulting from his permitting the car to strike the wagon.

2. Where an action for damages on account of a tort is brought by a partnership, doing business under a fictitious name, within the

time prescribed by the statute, the fact that the certificate of partnership was not filed with the county clerk for more than four years does not bar the action under the provisions of Section 3170-6.

*Kittredge, Wilby & Stimson*, for plaintiff in error.
*Scott Bonham*, contra.

The petition alleged that in September, 1902, while one of plaintiff's teams, attached to a coal wagon, was being driven along Spring Grove avenue, Cincinnati, at a point where the space between the street car track and the curb was narrow, a traction car came rapidly up from behind and without warning to the driver of the coal wagon and in attempting to pass struck the hub of one of the wheels of the wagon with such force as to break the wagon and harness and kill one of the horses. A verdict was recovered below of $275.50, which was in full of the claim, with interest.

GIFFEN, P. J.; SWING, J., and SMITH, J., concur.

The plaintiff below was not required to prove each and every act of negligence charged in the petition, and it was sufficient that although the motorman saw that the space between the track and the curb was narrow, and that the wagon was too close to the track to pass in safety, he did not have his car under control, but allowed it to move forward with great force against the hub of the front wheel of plaintiff's wagon. This much is clearly shown by the evidence and is sufficient to sustain the verdict.

That part of the general charge complained of required the jury to find substantially every act of negligence charged before returning a verdict for the plaintiff, and was more favorable to the defendant than the pleadings and evidence required.

There was no prejudicial error in admitting testimony in rebutal.

Although the certificate of partnership was not filed with the clerk of the court until more than four years after the right of action accrued, yet the action was commenced before expiration of that period, and under the proviso of Section 3170-6, Revised Statutes, the plaintiff could lawfully maintain the action.

Judgment affirmed.